THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
JOSÉ ANTONIO RÍOS, Defendant and Appellant.

No. 7715.   Argued June 13, 1939.—Decided July 29, 1939.

*Benjamín Ortiz* for appellant.   *R. A. Gómez, Prosecuting Attorney,*
for The People, appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

José Antonio Ríos was sentenced by the District Court
of Humacao for a violation of Section 328 of the Penal Code
to three months in jail and to a $200 fine and costs.   From
said sentence he appealed to this Court.

██ The complaint in its pertinent part states as fol-
lows:

"I, Julio Vélez, I.P. No. 67 . . . file complaint against José An-
tonio Ríos for a violation of Section 328 of the Penal Code (as
amended) committed in the following manner: That on September
25 . . . of 1938 and in the place . . . which forms part of the Ju-
dicial District of Humacao, P. R., the said accused . . . then and
there, in an illegal manner, voluntarily and maliciously, while driving
the truck No. H–741, which is a motor vehicle, the.property of Faus-
tino Fernández, a resident of Naguabo, due to lack of experience,
negligence and lack of care, *consisting in that he could not control*

*said vehicle* he drove it on the road in zig zags and thereby collided with the automobile No. P–2025, the property of José Márquez and driven by Pascual Rodríguez Marrero, as a result of which accident several persons were seriously injured . . . etc."

Section 328 of the Penal Code alleged to be violated, as amended by Act No. 51 of April 13, 1916, page 105, in its pertinent part states:

"Every conductor, engineer, . . . or other person having charge wholly or in part of any railroad car, . . . automobile, . . . who, through gross negligence or carelesness, suffers or causes the same to collide with another car, locomotive, . . . or with any other object or thing whereby the death of a human being is produced, is punishable by imprisonment in the penitentiary for a maximum term of five years.

"If as a consequence of the collision, injury is suffered by any person, such conductor, . . . shall be punishable by imprisonment in jail for a maximum term of two years, or by a maximum fine of two thousand dollars, or by both penalties in the discretion of the court."

After examining the complaint filed in this case, we find that the same does not allege facts sufficient to constitute the crime charged. It is an essential element of the crime that the death or damage to the person be caused by the gross negligence of the accused and in the present case the element of negligence is completely excluded since as it is alleged in the complaint, the alleged negligence or lack of care of the accused consisted in that not being able to control the vehicle, he drove it in zigzags etc. Accepting the facts alleged in the complaint as true, we must conclude that there is no negligence charged against the accused, since if he could not control the vehicle, he was not able to avoid said zigzags which caused the damage: and not being able to avoid them, it cannot be sustained that he acted negligently.

In criminal law a complaint or information which does not allege facts constituting the crime, is not cured by the evidence as happens in civil cases in regard to the insufficiency of complaints. 14 R.C.L. 211, Section 55, and cases

cited. To the same effect it is stated in the case of *State* v. *Toliver,* 20 A.L.R. 502, 504:

"An information may be defective because some element of the crime attempted to be charged is omitted. Pleading to such an information and going to trial upon it waive nothing. Should a verdict of guilty be returned, judgment may be arrested on motion of the defendant, *or on the court's own motion,* because the information did not state facts sufficient to constitute a public offense."

Having reached the conclusion that the complaint in this case does not allege facts constituting the public offense charged to the accused, the judgment appealed from should be reversed and the accused acquitted.

Mr. Justice Wolf dissented.

Mr. Justice Travieso took no part in the decision of this case.